O

JS-6

UNITED STATES DISTRICT COURT

DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.:    CV 07-01558 CAS |
| JAY A. DICOSTANZO | ) | **ORDER AFFIRMING DECISION** |
| | ) | **OF THE UNITED STATES** |
| Debtor. | ) | **BANKRUPTCY COURT** |
| | ) | |
| DEBBERA DICOSTANZO | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| P.J. ZIMMERMAN | ) | |
| Appellee. | ) | |

_____

I.      **INTRODUCTION**

On December 14, 2004, Jay DiCostanzo ("debtor") filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Central District of California, Riverside Division.  On January 5, 2006, P.J. Zimmerman was appointed trustee ("trustee") of the debtor's bankruptcy estate.  On May 31, 2006, the trustee filed a complaint against debtor's father John DiCostanzo relating to property, located at 2700 Camellia Court, Corona, California ("the residence").  The parties reached a compromise settling that claim on December 11, 2006, which was approved by the bankruptcy court on October 17, 2007.

1
2
3
4
5
6
7
8

Appellant Debbera DiCostanzo, who was formerly married to debtor, filed a timely notice of appeal on October 26, 2007.  Upon election of the trustee, the appeal was assigned to this Court on November 29, 2007.  Appellant filed her opening brief on February 27, 2008.  Appellee trustee filed his opening brief on March 13, 2008. Appellant filed a reply brief on March 26, 2008.  John DiCostanzo, who is debtor's father, filed a brief as "Appellee and party in interest" on March 28, 2008.  After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

9

## II.    FACTUAL BACKGROUND

10
11
12
13
14
15
16
17
18
19

Appellant and debtor were married in 1998 and began looking for a home shortly thereafter. In October 1998, they purchased the residence.  Debtor claims that his father, John DiCostanzo, agreed to purchase the residence and rent it to appellant and debtor. Appellee Br. at 6.  Appellant counters that John DiCostanzo agreed to purchase the residence for $279,000 and resell it to appellant and debtor for $280,000 on an installment basis without interest.  Appellant App., Vol. I, Ex. D at 72-73.  Appellant contends that she and debtor paid John DiCostanzo mortgage payments in an amount exceeding $65,000 between 1998 and 2002.  Appellant App., Vol. I, Ex. A at 18. Defendant contends that these payments were for rent.  Id. at 2.  At all times relevant to these proceedings, John DiCostanzo held title to the residence.

20
21
22
23
24
25
26
27
28

Appellant filed for dissolution of her marriage to debtor on November 14, 2002, in Riverside County Superior Court, Family Law Division.  Appellant App., Vol. I, Ex. D at 73-74.  On January 13, 2003, appellant filed a complaint against debtor and John DiCostanzo, individually and as trustee of the John A. DiCostanzo Trust ("DiCostanzo Trust"), in Riverside County Superior Court for specific performance of an installment land sale contract, breach of an installment land sale contract, fraudulent concealment, fraud, abuse of process, civil conspiracy, equitable estoppel, imposition of constructive

1
2
3

trust, and injunctive relief.[1]  Id. at 98.  That action was stayed by the debtor's filing for bankruptcy in this case on December 14, 2004, pursuant to the automatic stay provided for in 11 U.S.C. § 362.

4
5
6
7
8
9
10
11
12
13

The trustee filed a complaint against John DiCostanzo and the DiCostanzo Trust on May 31, 2006, seeking to establish, among other things, that the residence was part of debtor's estate.  That complaint specifically sought (1) turnover of the residence, (2) to quiet title to the residence, (3) to determine the extent, validity, and priority of debtor's equitable lien in the residence for the balance of the purchase price, (4) declaratory relief determining the interest of the parties in the residence, (5) sale of the residence free of any equitable interest of debtor, John DiCostanzo, and the DiCostanzo Trust, (6) authority to sell co-owned property, and (7) to avoid debtor's repudiation of an interest in the residence as a fraudulent transfer.  Appellant App., Vol. II, Ex. O at 233-250.

14
15
16
17
18
19
20
21
22

The parties attended a settlement conference before the Honorable Meredith Jury, which resulted in the present compromise.  Appellant App., Vol. I, Ex. A at 4.  The comprise called for full settlement of the trustee's complaint against John DiCostanzo and the DiCostanzo Trust in exchange for a $95,000 payment and the withdrawal of all claims filed by debtor's brother, Donald DiCostanzo, in the amount of $82,453.88.[2]  Appellant App., Vol. I, Ex. A at 18-27.  The settlement provided that debtor and the DiCostanzo Trust were authorized to use the residence as collateral to obtain a loan to pay the settlement amount.  Id. at 20.  The settlement agreement further provided that the bankruptcy court would quiet title to the residence in favor of John DiCostanzo,

23
24
25

[1]It is unclear from the record whether John DiCostanzo or the DiCostanzo Trust owns the residence.  In her complaint, the trustee names both parties on every claim. Appellant App., Vol. I, Ex. A at 4.

26
27

[2] The main claim at issue is a promissory note for a loan Donald DiCostanzo made to the debtor on July 15, 2003.  Appellant App., Vol. I, Ex. J at 146.

28

avoid all liens against the residence, and provide due process to appellant and others who may wish to assert a claim against the residence.  Id. at 20-21.

On October 17, 2007, the bankruptcy court entered an order authorizing and approving the compromise.  Appellant App., Vol. II, Ex. M at 211.  The bankruptcy court decreed that the residence was part of the bankruptcy estate pursuant to Bankruptcy Code 11 U.S.C. § 541(a)(2), which provides that "[a]ll interests of the debtor and the debtor's spouse in community property as of the commencement of the [bankruptcy case]" are part of the bankruptcy estate.  Id. at 213.  The bankruptcy court further treated the compromise as a motion to approve the sale of an asset to John DiCostanzo under 11 U.S.C. § 363.  Appellant App., Vol. II, Ex. R at 331-32.  The court valued the compromise at $135,000, i.e., the $95,000 paid in consideration of the compromise, plus $40,000, which the bankruptcy court concluded was the value of Donald DiCostanzo's withdrawn claim.  Appellant App., Vol. II, Ex. R at 351-52.  The court offered appellant the opportunity to bid $135,000 or more, but appellant was only prepared to bid $95,000 and offered to withdraw her $300,000 claim against the bankruptcy estate, which the court acknowledged was filed late and possibly subordinated.  Id. at 350-57.

## III.   LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 9019(a) provides that "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  In the event of an appeal, the reviewing court is generally to "review the bankruptcy court's findings of fact under the 'clearly erroneous' standard and its conclusions of law de novo ... [h]owever, [a] bankruptcy court's order approving the trustee's application to compromise the controversy is reviewed for an abuse of discretion."  In re: A&C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986) (internal citations omitted).

A reviewing court must determine that a compromise is "fair and equitable"

4

before affirming it.  <u>A&C Properties</u>, 784 F.2d at 1381.  In making this determination, the court must consider:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

<u>Id.</u>  The trustee, as proponent of the compromise, "has the burden of persuading the bankruptcy court that the compromise is fair and equitable and should be approved." <u>Id.</u> at 1381.  However, the Ninth Circuit does not provide guidance "on how much specificity or detail the bankruptcy court is required to put into its findings of fact or conclusions of law."  <u>Id.</u> at 1382.  Nevertheless, where the record supports approval of the compromise, the bankruptcy court should be affirmed. <u>Id.</u> at 1383.

## IV. DISCUSSION

Appellant argues that the bankruptcy court undertook no factual inquiry and "abandoned, completely" the four part test outlined in <u>A&C Properties.</u>  Appellant Br. at 25.  Appellant further argues that the record does not support the bankruptcy judge's finding and that the "entirety of the evidence proffered by the Trustee in support of her motion is a three page 15 paragraph declaration."  <u>Id.</u> at 30.  Appellant contends that the bankruptcy court abdicated its duty to undertake an informed and independent judgment as to whether the compromise was fair and equitable.  <u>Id.</u>

However, the transcript of the hearing on the motion to approve the compromise shows that the bankruptcy court did consider the factors outlined in <u>A&C Properties</u>. As to the probability of success in the litigation, the court "[had] no difficulty seeing this case as a very difficult one to try."  Appellant App., Vol. II, Ex. R at 364.  The court also addressed the complexity of the litigation in describing the case as "a law review issue ... a very very complex piece of work" and a "very difficult piece of

5

litigation." Id. at 342, 359.  The court went on to address the paramount interest in the creditors by noting that "[f]rom the standpoint of the Trustee who has responsibility to marshal assets, to develop funds for the creditors, I think this is an excellent solution." Id. at 363.   The only factor that the bankruptcy court failed to address was the likely difficulty in collection, which the trustee conceded was not likely to be an issue. Furthermore, the bankruptcy court is entitled to rely on the settlement agreement that sets forth the claims and their potential merit, particularly where, as here, the agreement was negotiated under the supervision of a fellow bankruptcy judge.  See id. at 1383. The trustee's memorandum in support of its motion for an order approving the compromise lays out and addresses the four factors identified in A&C Properties. Appellant App., Vol. I, Ex. A at 10-12. Given the bankruptcy court's consideration of factors outlined in A&C Properties and the evidence contained in the settlement agreement, the record supports its decision and that court did not abuse its discretion.

Appellant goes on to contend that the bankruptcy court improperly treated the motion to approve a compromise as a sale of assets under 11 U.S.C. § 363.  The appellant alternatively argues that even if the bankruptcy court properly treated the motion as one to approve the sale of assets, the court improperly approved the sale. Appellant acknowledges that the residence, as community property or potential community property, is properly part of the bankruptcy estate.  Appellant Br. at 28. However, appellant argues that the residence could not have been sold without compliance with safeguards provided to a non-filing spouse under 11 U.S.C. 363(I), which provides that a debtor's spouse must be given an opportunity to purchase the property at the purchase price.  Id.  Furthermore, appellant contends that she offered to purchase the property on terms identical to those being offered to the debtor, but was refused in contravention of her rights under 11 U.S.C. 363(I).  Id.

Appellant's contention that the bankruptcy court erred in treating her motion as a sale of assets is unavailing.  Compromises of claims that involve the disposition of an

asset of the bankruptcy estate are "the equivalent of a sale ... which transaction simultaneously implicates the 'sale' provisions under section 363 ... and the 'compromise' procedure of Rule 9019(a)." In re Mickey Thompson Entertainment Group, Inc., 292 B.R. 415, 421 (B.A.P. 9th Cir. 2003). The Ninth Circuit specifically rejected the argument that "the procedures normally contemplated by section 363 motions do not apply in the context of the review of settlements under Rule 9019(a) where the result of the transaction would be to dispose of property of the estate." Id. In her reply brief, appellant argues that even if the court was entitled to consider the sale provisions under section 363, it nevertheless erred by ignoring the four factor test described in A&C Properties. Appellant Reply Br. at 4. However, as discussed supra, the bankruptcy court did consider the four factors in approving the compromise and therefore did not commit error.

Furthermore, the bankruptcy court did not err by failing to provide appellant the protections offered under 11 U.S.C. 363(I), which applies to "property of the estate that was community property." The bankruptcy court's order described the interest in the residence as a "claimed community property interest." Appellant App., Vol. II, Ex. M at 211. The residence has not been deemed community property and John DiCostanzo holds title to it. Appellant App., Vol. II, Ex. S at 355. As such, appellant is not entitled to the protection of 11 U.S.C. 363(I). Additionally, the compromise specifically provides that it only applies to any undivided community property claim in the residence to the extent that the trustee has such authority. Appellant App., Vol. II, Ex. M at 212.

Even assuming arguendo that appellant was entitled to protection under 11 U.S.C. 363(I), the bankruptcy court did not err in refusing appellant's offer to purchase the residence. The bankruptcy court approved the sale of the residence for $95,000 and withdrawal of Donald DiCostanzo's timely filed claim of $82,453.88. Appellant App., Vol. I, Ex. A at 20. Appellant offered to pay the estate $95,000 and waive her

7

claim of $300,000, which the bankruptcy court noted was filed late and possibly subordinated.  See Appellant App., Vol. II, Ex. R at 350.  The bankruptcy court determined that the withdrawal of Donald DiCostanzo's claim was to be valued at $40,000 based on the size of the estate and the nature of the claim. Id. at 352-54.  The court repeatedly offered appellant the opportunity to bid $135,000, i.e. her $95,000 bid, plus the $40,000 value of the withdrawn Donald DiCostanzo claim, and appellant declined to do so. Id. at 337, 364.  Therefore, appellant's contention that she was not afforded an opportunity to match the sale price is incorrect.

## IV.   CONCLUSION

In accordance with the foregoing, the Court AFFIRMS the bankruptcy court's order authorizing the compromise.

IT IS SO ORDERED.

Dated: August 28, 2008

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE